DA 11-0419

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 55N

ROBERT and BARBARA ROSE,

      Petitioner and Appellants,

  v.

STATE OF MONTANA; BRIAN SCHWEITZER (officially);
MIKE FERRITER (officially); PATRICK SMITH (officially);
MONTANA DEPARTMENT OF CORRECTIONS; MDOC
PRISON ISSUES BOARD,

      Respondents and Appellees.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV 2010-181
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Robert L. Rose, (self-represented); Deer Lodge, Montana

          Barbara Rose, (self-represented); Hamilton, Montana

      For Appellees:

          Steve Bullock, Montana Attorney General; Ann Brodsky, Special
Assistant Attorney General, Office of the Governor; Helena,
Montana (for Governor Brian Schweitzer)

          Ira Eakin, Special Assistant Attorney General, Department of
Corrections (for Mike Ferriter)

Submitted on Briefs: February 15, 2012

Decided: March 7, 2012

Filed:

_____
                  Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert Rose, an inmate at Montana State Prison, and his wife, Barbara (hereafter "Roses"), petitioned the First Judicial District Court for a writ of injunction, declaratory relief or other writ on the ground that the Montana Department of Corrections (MDOC) was violating state open meeting and public participation laws. Roses' complaint sought a declaration that actions of the MDOC's Prison Issues Board (Board) were void or otherwise unlawful because they had been taken in violation of constitutional and statutory requirements guaranteeing public participation in government. Although the complaint acknowledged that meetings of the Board had been open to the public since 2009, with prior notice posted on the MDOC's public website, it alleged the Board "operated in secrecy away from the publics knowledge for almost (10) years" [sic], and its practices and processes continued to deny Roses and other members of the public any meaningful participation. The complaint included an additional allegation that MDOC and Prison officials "maintain a regular practice" of holding meetings "without letting Petitioners know," at some of which final decisions are made with respect to Roses' rights and privileges without giving them an opportunity to participate. The complaint also alleged a general failing by the Governor and MDOC officials to adopt and follow open meeting and public participation policies.

¶3 After the Respondents moved for summary judgment, Roses filed a cross-motion for summary judgment and sought leave to conduct additional discovery under M. R. Civ. P. 56(f).

2

Because there were no specific allegations or evidence regarding any meetings other than those of the Board, the District Court confined its analysis to those allegations. It held that, although the Board is a "public or government body" subject to open meeting laws, Roses had failed to raise a triable issue of fact on their claim that they were improperly denied the right to observe the deliberations of the Board. Roses timely appealed.

¶4 In reviewing a district court's grant of summary judgment, we apply the standards of M. R. Civ. P. 56. If the moving party meets its initial burden of establishing the absence of a genuine issue of material fact and entitlement to judgment as a matter of law, the non-moving party must present substantial evidence essential to one or more elements of the case to raise a genuine issue of material fact. "Reliance upon 'conclusory statements' lacking specific factual support is not sufficient to raise a genuine issue of material fact." *In re Estate of Harmon*, 2011 MT 84, ¶ 14, 360 Mont. 150, 253 P.3d 821. We agree with the District Court that the MDOC is entitled to judgment as a matter of law on Roses' claims.

¶5 The Board is composed of individuals who represent the various state and contracted adult secure facilities in Montana and meets regularly "as a meaningful forum to discuss and resolve issues, adjust, change or create policies and communicate with other wardens and facility administrators." Meetings are posted one week in advance, along with an agenda, and the meetings are open to the public. Those in attendance at the meeting, and anyone who views the minutes, are informed at that time of the date and location of the next quarterly meeting. The Board has no agency rulemaking or adjudicatory authority and does not enter into contracts. Given this undisputed evidence, the District Court properly concluded that the Board was not in violation of any applicable open meeting and public participation requirements. To the extent Roses could mount a challenge to meetings of a Board that gathers primarily to engage in

3

discussions, the District Court correctly concluded that their complaint regarding meetings held prior to 2009 was untimely. Sections 2-3-114, -213, MCA.

¶6 Roses' remaining generalized allegations that the MDOC holds "secret meetings" on any number of issues regarding prison operations are insufficient to withstand summary judgment. While we have not "completely abrogated" a prison inmate's right to know under Montana's Constitution, we have affirmed that an inmate's rights under both the federal and state constitutions "may be limited by legitimate, penological interests." *Worden v. Mont. Bd. of Pardons & Parole*, 1998 MT 168, ¶¶ 36, 33, 289 Mont. 459, 962 P.2d 1157. Roses provide no legal authority for their claims that they are entitled to participate in any number of MDOC staff meetings concerning such matters as visitor-inmate visitation privileges, inmate classification determinations, and inmate transfers.

¶7 Finally, the District Court properly denied Roses' M. R. Civ. P. 56(f) motion for additional discovery because they offered nothing more than speculation that their proposed discovery would prevent summary judgment for the Respondents. "A court need not force a party to undergo more discovery when '[t]he only reason to believe that additional, relevant evidence would materialize . . . is the [plaintiff's] apparent hope of finding a proverbial "smoking gun."'" *Estate of Harmon*, ¶ 60 (quoting *Rosenthal v. Co. of Madison*, 2007 MT 277, ¶ 42, 339 Mont. 419, 170 P.3d 493) (additional citations omitted).

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court did not abuse its discretion in denying additional discovery and it correctly interpreted settled Montana law in granting summary judgment to the State and its officials.

¶9 The judgment of the District Court is affirmed.

4

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE